James M. **BAKER**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Kentucky Retirement Systems; and Board of Trustees of the Kentucky Retirement Systems, Appellees.

No. 2000–CA–001734–MR.

Court of Appeals of Kentucky.

June 15, 2001.

Donald Duff, Frankfort, KY, Brief and Oral Argument for Appellant.

James Dodrill, Kentucky Retirement Systems, Frankfort, KY, Brief and Oral Argument for Appellee.

Before GUDGEL, Chief Judge; COMBS and KNOPF, Judges.

## OPINION

KNOPF, Judge:

This is an appeal from a judgment of the Franklin Circuit Court affirming a decision by the Board of Trustees of the Kentucky Retirement Systems in a matter which involved cross-referencing of a retired member's health insurance premiums. We find that the Administrative Appeals Committee lacked the authority to enter a final order on behalf of the entire Board. Consequently, this matter is not properly before the courts on appeal. Hence, we vacate the judgment of the circuit court affirming the Board's decision and the order entered by the Appeals Committee, and we remand this matter for entry of a valid final order by the Board.

The underlying facts of this action are not in dispute. In 1991, Baker retired from state employment through the Kentucky Retirement Systems (Retirement Systems) with 329 months of service credit. As such, he was eligible to participate in the state employee's group for hospital and medical insurance and to receive the full state contribution toward that insurance. After his retirement, Baker re-entered the state work force as a full-time employee and contributing member in the Kentucky Teachers Retirement System (KTRS). He was eligible also for payment by KTRS of the full state contribution toward his medical insurance premium.

For the plan year 1996, the state contribution rate for medical insurance was $175.50 per month. During the open enrollment period for the plan year 1996, Baker selected an insurance plan with a monthly premium of $245.92. In addition, he sought to cross-reference his Retirement Systems premium with his KTRS premium so that the Retirement Systems would pay the first $175.50, KTRS would pay $70.42, and the remaining $105.08 would be paid into the flexible spending account which he maintained through KTRS. However, the Retirement Systems had adopted an internal policy for cross-referencing which required the current employer to pay first, with Retirement Systems only liable for the difference between the employer's contribution and the actual premium.

Because of this policy and Baker's previous designation to pay $105.08 per month into his flexible spending account, the contributions by the Retirement Systems and KTRS were not sufficient to pay the entire insurance premium. In August 1996, Baker learned of the deficiency and of the

Retirement Systems's policy regarding cross-referencing. After unsuccessfully seeking to convince the Retirement Systems to accept his cross-referencing plan, Baker requested an administrative hearing pursuant to KRS Chapter 13B. The hearing officer conducted a hearing and issued findings of fact and conclusions of law which were favorable to Baker's position.

However, the Administrative Appeals Committee, acting on behalf of the Board of Trustees of the Retirement Systems (the Board), rejected the hearing officer's report and entered its own findings of fact and conclusions of law. The Committee concluded that there was no statutory authority for requiring the Retirement Systems to cross-reference Baker's insurance premiums in the manner which Baker requested. The Committee further concluded that the General Manager of the Retirement Systems did not exceed her authority by adopting the cross-referencing policy.

Baker then filed an appeal from this determination to the Franklin Circuit Court. The circuit court found that: (1) Baker had no statutory right to cross-referencing; (2) the Retirement Systems's policy did not impair any benefits to which Baker was entitled; (3) the Retirement Systems did not exceed its authority in adopting its cross-referencing policy; (4) the Board's order complied with the statutory requirements of KRS 13B.120; and (5) the Board's decision was supported by substantial evidence and was not arbitrary. Hence, the court below affirmed the Board's decision. Baker now appeals to this Court.[1]

Baker raises a jurisdictional matter which is dispositive of the entire appeal.

Both this Court and the circuit court are only authorized to review final orders of the Board.[2] Baker argues that the Administrative Appeals Committee was not authorized to enter a final order on behalf of the Board. We agree.

KRS 13B.030(1) permits an agency head to delegate its powers "relating to the conduct of administrative hearings[.]" However, "[a]n agency head may not, ... delegate the power to issue a final order unless specifically authorized by statute[.]" In the absence of a specific statute authorizing the Administrative Appeals Committee to enter a final order, Baker argues that the final order entered by the Committee was invalid. The circuit court's order does not address this point.

The Kentucky Retirement Systems is administered by a Board of Trustees composed of nine members.[3] The Board of Trustees serves as the agency head.[4] The procedures for conduct of administrative hearings in cases which do not involve a determination relating to disability retirement benefits are set out in 105 KAR 1:215. Section 11 of that regulation permits the Board to establish an appeals committee whose members shall be appointed by the chairman and who shall have the authority to act upon the recommendations and reports of the hearing officer on behalf of the Board. In this case, the Administrative Appeals Committee was composed of three members of the Board. The Board's final order was signed by the chairman of the Administrative Appeals Committee, Larry C. Conner.

KRS 61.665(4) authorizes the Board to establish an appeals committee whose members shall be appointed by the chair-

---

1. KRS 13B.160.

2. KRS 13B.140 and 61.645(16).

3. KRS 61.645(1).

4. KRS 13B.010(4).

man and who shall have the authority to act upon the recommendations and reports of the hearing officer. However, this statute specifically deals with rulings on petitions for disability retirement. There is no specific statutory authority which permits the Board to delegate the power to enter a final order in cases which do not involve petitions for disability retirement benefits. Furthermore, KRS 13B.030(1) precludes the Board from using an administrative regulation to delegate its authority to enter a final order.

The Retirement Systems replies that the Administrative Appeals Committee is comprised of members of the Board. So long as the Appeals Committee is made up of members of the Board, the Retirement Systems contends that it has not delegated the authority to enter a final order to a collegial body outside of the membership of the Board of Trustees. In essence, the Retirement Systems argues that KRS 13B.030(1) does not prevent the Board from delegating the authority to enter final orders on administrative appeals to a subcommittee of the Board.

We find no support for this argument in the text of KRS 13B.030(1). The statute requires a specific statutory authorization before an agency head may delegate the authority to issue a final order. The Board is a collegial body, meaning each member equally shares power.[5] Furthermore, all actions taken by the Board shall be taken by affirmative vote of a majority of the trustees present, subject to the requirement that those present constitute a quorum.[6] Thus, the entire Board, collectively, is the agency head responsible for entry of a final order.

We agree that the final order of the Board need only be signed by the chairperson, so long as the signature reflects the decision of a majority of the Board. However, we find no authority to allow the Board to delegate its authority to enter a final order to a subcommittee of the Board which does not constitute at least a quorum of the entire Board. Therefore, we find that the order signed by the chairman of the Administrative Appeals Committee was not a final and appealable order.

As a result, the circuit court was without jurisdiction to enter a judgment affirming the ostensible order of the Board. Rather, both the circuit court's judgment and the order entered by the Appeals Committee must be set aside, and this action must be remanded for entry of a final order by the entire Board. We express no opinion concerning the merits of the other issues raised in Baker's appeal.

Accordingly, the judgment of the Franklin Circuit Court and the order entered by the Administrative Appeals Committee of the Board of Trustees of Kentucky Retirement Systems are vacated. This matter is remanded to the Franklin Circuit Court with directions to remand the matter to the Board for entry of a final order consistent with this opinion.

ALL CONCUR.

---

5. *Webster's New World Dictionary* (2d College Ed., 1976), p. 279.

6. KRS 61.645(8)